## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JENNIFER ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO._____ |
| | ) | |
| BAYER CORPORATION, | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| BAYER HEALTHCARE PHARMACEUTICALS | ) | [JURY TRIAL DEMANDED] |
| INC., | ) | |
| BAYER SCHERING PHARMA AG, | ) | |
| BAYGER AG, | ) | |
| BERLEX, INC., | ) | |
| BERLEX LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, Jennifer Adams ("Plaintiff"), by and through her attorneys, SIMMONS BROWDER GIANARIS ANGELIDES & BARNERD, LLC, and HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP, upon information and belief, at all times hereinafter mentioned, hereby alleges as follows:

## JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiff exceeds $75,000.00, exclusive of interest and costs, and because Defendants are incorporated and have their principal places of business in states or countries other than the state in which the named individual Plaintiff resides.

## NATURE OF THE ACTION

1.     This is an action for strict products liability, breach of express and implied warranty, negligence, negligence *per se,* fraudulent misrepresentation, fraudulent concealment,

1

fraud and negligent misrepresentation brought by Plaintiff individually for damages associated with her ingestion of the pharmaceutical drug Yasmin, YAZ and/or Ocella, known generically as drospirenone and ethinyl estradiol ("Yasmin, YAZ and/or Ocella") which is designed, manufactured, marketed, and distributed by Defendants. As a result of the ingestion of the pharmaceutical drug Yasmin, YAZ and/or Ocella, Plaintiff has suffered injuries to her person including, but not limited to, pulmonary embolism, deep venous thrombosis, heart attacks, strokes and gall bladder disease.

## PARTIES

2.      Plaintiff, Jennifer Adams, at all times relevant to the issues herein pled, is a resident and citizen of Manchester, Kentucky in Clay County.

3.      Upon information and belief, Defendant Bayer Corporation, is an Indiana corporation, with its offices and principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205-9741. Bayer Corporation researches, develops, manufactures and markets pharmaceutical products, including Yasmin, YAZ and/or Ocella, an oral contraceptive. At all relevant times Defendant Bayer Corporation conducted regular and sustained business in Minnesota by selling and distributing its products in Minnesota. It can be served via Corporation Service Company, 380 Jackson Street, #700, St. Paul, MN 55101.

4.      Upon information and belief, Defendant Bayer Healthcare LLC, is a Delaware corporation. Bayer Healthcare LLC was involved in the integration of Bayer HealthCare and Berlex Laboratories. Bayer Healthcare LLC researches, develops, manufactures and markets pharmaceutical products, including Yasmin, YAZ and/or Ocella, an oral contraceptive. At all relevant times, Defendant Bayer Healthcare LLC conducted regular and sustained business in Minnesota by selling and distributing its products in Minnesota. It can be served via Corporation

2

Service Company, 380 Jackson Street, #700, St. Paul, MN 55101.

5.      Upon information and belief, Defendant Bayer Healthcare Pharmaceuticals, Inc.,

is a Delaware corporation.  Bayer Healthcare Pharmaceuticals, Inc. was created by the

integration of Bayer HealthCare and Berlex Laboratories.  Bayer Healthcare Pharmaceuticals,

Inc. researches, develops, manufactures and markets pharmaceutical products, including Yasmin,

YAZ and/or Ocella, an oral contraceptive.  At all relevant times, Defendant Bayer Healthcare

Pharmaceuticals, Inc. conducted regular and sustained business in Minnesota by selling and

distributing its products in Minnesota.  It can be served via Corporation Service Company, 380

Jackson Street, #700, St. Paul, MN 55101.

6.      Upon information and belief, Bayer Schering Pharma AG is a global

pharmaceutical corporation headquartered in Germany.  Bayer Schering Pharma AG was created

in 2006 when Bayer AG acquired Schering AG.  Through its subsidiaries and divisions, Bayer

Schering Pharma AG researches, develops, manufactures, and markets pharmaceutical products,

including Yasmin, YAZ and/or Ocella, an oral contraceptive.  At all relevant times, Defendant

Bayer Schering Pharma AG conducted regular and sustained business in Minnesota by selling

and distributing its products in Minnesota.

7.      Upon information and belief, Bayer AG was a global pharmaceutical corporation

headquartered in Germany.  Bayer AG was merged into Bayer Schering AG in 2006 when Bayer

AG acquired Schering AG.  Through its subsidiaries and divisions, Bayer AG researched,

developed, manufactured, and marketed pharmaceutical products, including Yasmin, YAZ

and/or Ocella, an oral contraceptive.  At all relevant times, Defendants Bayer AG conducted

regular and sustained business in Minnesota by selling and distributing its products in Minnesota.

8.      Upon information and belief, Defendant Berlex Inc. was a New Jersey

3

corporation with its principal place of business in New Jersey. Berlex Inc. was integrated with Bayer HealthCare AG, leading to the creation of Bayer Healthcare Pharmaceuticals, Inc. Berlex Inc. was involved in the research, development, manufacturing and marketing of the pharmaceutical product Yasmin, YAZ and/or Ocella, an oral contraceptive. At all relevant times, Defendant Berlex Inc. conducted regular and sustained business in Minnesota by selling and distributing its products in Minnesota.

9.      Upon information and belief, Defendant Berlex Laboratories Inc. was a New Jersey corporation with its principal place of business in New Jersey. Berlex Laboratories Inc. was integrated with Bayer HealthCare AG, leading to the creation of Bayer Healthcare Pharmaceuticals, Inc. Berlex Laboratories Inc. was involved in the research, development, manufacturing and marketing of the pharmaceutical product Yasmin, YAZ and/or Ocella, an oral contraceptive. At all relevant times, Defendant Berlex Laboratories Inc. conducted regular and sustained business in Minnesota by selling and distributing its products in Minnesota.

10.     Defendants Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare Pharmaceuticals, Inc., Bayer Schering Pharma AG, Bayer AG, Berlex Inc., and Berlex Laboratories Inc. are collectively referred to as "Defendants".

## FACTUAL BACKGROUND

11.     Plaintiff Jennifer Adams was first prescribed Yasmin, YAZ and/or Ocella by her gynecologist on or about September, 2003. Plaintiff used Yasmin, YAZ and/or Ocella as directed.

12.     Plaintiff continued to take Yasmin, YAZ and/or Ocella as directed until at or about January, 2004, when she presented to the emergency room at Manchester Memorial Hospital with stomach pain and was diagnosed with gall stones and had to have her gall bladder

4

removed.

13.     As a result of using Defendants' product Yasmin, YAZ and/or Ocella, Plaintiff Jennifer Adams has sustained the removal of her gall baldder, severe and permanent pain and suffering as well as other injuries.

14.     At all relevant times, Defendants designed, manufactured, marketed, and distributed the pharmaceutical drug Yasmin, YAZ and/or Ocella, an oral contraceptive.

15.     Yasmin, YAZ and/or Ocella, known generically as drospirenone and ethinyl estradiol, is a combination birth control pill containing the hormones estrogen and progestin and was approved by the FDA in April 2001. In the case of Yasmin, YAZ and/or Ocella, the estrogen is ethinyl estradiol and the progestin is drospirenone.

16.     Yasmin, YAZ and/or Ocella is indicated for the prevention of pregnancy in women who elect to use an oral contraceptive.

17.     Combination birth control pills are referred to as combined hormonal oral contraceptives.

18.     The difference between Yasmin, YAZ and/or Ocella and other birth control pills on the market is that drospirenone has never before been marketed in the United States and is unlike other progestins available in the United States.

19.     In April 2002, the British Medical Journal reported that the Dutch College of General Practitioners recommended that older second generation birth control pills be prescribed in lieu of Yasmin, YAZ and/or Ocella as a result of 40 cases of venous thrombosis among women taking Yasmin, YAZ and/or Ocella.

20.     In February 2003, a paper entitled *Thromboembolism Associated with the New Contraceptive Yasmin, YAZ and/or Ocella* was published in the British Medical Journal detailing

a Netherlands Pharmacovigilance Centre report of five additional reports of thromboembolism where Yasmin, YAZ and/or Ocella was suspected as the cause, including two deaths.

21.     Defendants have twice been warned by the FDA, in 2003 and 2008, for misleading the public through the use of television ads which overstate the efficacy of Yasmin, YAZ and/or Ocella and minimize serious risks associated with the drug.

22.     The use of Yasmin, YAZ and/or Ocella has a prothrombotic effect resulting in thrombosis such as the pulmonary embolism, deep vein thrombosis, strokes, heart attacks and gall bladder disease such as that suffered by Plaintiff.

23.     Defendants failed to recognize the correlation between the use of Yasmin, YAZ and/or Ocella and increased thrombosis formation despite the wealth of scientific information available.

24.     Upon information and belief, Defendants knew or should have known about the correlation between Yasmin, YAZ and/or Ocella use and a prothrombotic effect and still promoted, sold, advertised, and marketed the use of Yasmin, YAZ and/or Ocella.

25.     As a result of the manufacture, marketing, advertising, promotion, distribution and/or sale of Yasmin, YAZ and/or Ocella to Plaintiff herein, Plaintiff has sustained severe and permanent personal injuries.

### FIRST CAUSE OF ACTION
### AS AGAINST DEFENDANTS
### (NEGLIGENCE AND NEGLIGENCE PER SE)

26.     Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

27.     Defendants, directly or indirectly, negligently and/or defectively designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed,

6

advertised, promoted, sold, packaged, supplied and/or distributed the drug Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol).

28.     At all times material hereto, Defendants had a duty to users and/or consumers of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol), including Plaintiff, to exercise reasonable care in the design, testing, inspection, manufacture, assembly, development, labeling, sterilization, licensing, marketing, advertising, promotion, sale, packaging, supply and/or distribution of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol).

29.     Defendants breached that duty and were negligent in the design, testing, inspection, manufacture, assembly, development, labeling, sterilization, licensing, marketing, advertising, promotion, sale, packaging, supply and/or distribution of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) in that:  Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was defective when put on the market by Defendants, that with such defect, Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was reasonably certain to be dangerous when put to normal use, and that Defendants failed to use reasonable care in designing or making Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) or in inspecting it for defects.  Specifically, Defendants breached their duty by, among other things:

    a.    Failing to include adequate warnings that would alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, to the potential risks and serious side effects of the drug;

    b.    Failing to adequately and properly test and inspect the drug before placing the drug on the market;

    c.    Failing to conduct sufficient testing and inspection of the drug which, if properly performed, would have shown that the drug had serious side effects, including,

but not limited to, pulmonary embolism, deep venous thrombosis, heart attacks, strokes and/or death, gall bladder disease and other serious and life threatening side effects;

d.  Failing to adequately warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiffs, of the potential risks and other serious side effects associated with the drug, including, among other things, pulmonary embolism, deep venous thrombosis, heart attacks, strokes and/or death, gall bladder disease and other serious and life threatening side effects;

e.  Failing to provide adequate post-marketing warnings or instructions after Defendants knew or should have known of the significant risks associated with the use of the drug;

f.  Failing to recall and/or remove the drug from the stream of commerce despite the fact that Defendants knew or should have known of the defective and unreasonably dangerous nature of the drug, including the significant health risks associated with the use of the drug; and,

g.  Encouraging misuse and overuse while failing to disclose the side effects of the drug to the medical, pharmaceutical and/or scientific communities, and users and/or consumers, including Plaintiff, in order to make a profit from sales.

30.  Defendants knew or should have known that Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) caused unreasonably dangerous risks and serious side effects of which users and/or consumers of the drug, including Plaintiff, was not aware.  Defendants nevertheless advertised, promoted, marketed, sold, distributed and/or supplied Yasmin, YAZ

8

and/or Ocella (drospirenone and ethinyl estradiol) knowing that there were safer methods for contraception.

31.    By reason of the foregoing, Plaintiff experienced and/or is at risk of experiencing serious and dangerous side effects including but not limited to, pulmonary embolism, deep venous thrombosis, heart attacks, strokes, and gall bladder disease as well as other severe and personal injuries which are permanent and lasting  in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of developing any of the above named health consequences.

32.    By reason of the foregoing, Plaintiff was damaged by the negligence and wanton and willful recklessness of the Defendants.

33.    As a direct, legal, proximate and producing result of the negligence of Defendants, Plaintiff sustained injuries as set forth above.

34.    As a result of the foregoing acts and omissions the Plaintiff requires and/or will require more healthcare and services and did incur medical, health, incidental and related expenses.  Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

35.    By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

## SECOND CAUSE OF ACTION
## AS AGAINST DEFENDANTS
## (STRICT PRODUCTS LIABILITY — UNREASONABLY DANGEROUS DESIGN)

36.    Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

9

37.     At all times material hereto, Defendants have engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying, and/or distributing the drug. Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol), which is defective and unreasonably dangerous to users and/or consumers of the drug, including Plaintiff.

38.     At all times material hereto, Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by Defendants in a defective and unreasonably dangerous condition in ways which include, but are not limited to, one or more of the following:

   a.    When placed in the stream of commerce, the drug contained unreasonably dangerous design defects and was not reasonably safe and fit for its intended or reasonably foreseeable purpose or as intended to be used, thereby subjecting users and/or consumers of the drug, including Plaintiff, to risks which exceeded the benefits of the drug;

   b.    The drug was insufficiently tested;

   c.    The drug caused harmful side effects that outweighed any potential utility;

   d.    The drug was not accompanied by adequate labeling or instructions for use to fully apprise the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, of the potential risks and serious side effects associated with its use; and,

   e.    In light of the potential and actual risk of harm associated with the drug's use, a reasonable person who had actual knowledge of this potential and actual risk of

10

harm would have concluded that Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) should not have been marketed in that condition.

39.    At all times the drug Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed, it was expected to reach, and did reach, users and/or consumers of the drug across the United States, including Plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was sold.

40.    At all times, Plaintiff used Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) for its intended or reasonably foreseeable purpose.

41.    As a direct, legal, proximate and producing result of the defective and unreasonably dangerous condition of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradoil), Plaintiff sustained injuries as set forth above.

42.    By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

### THIRD CAUSE OF ACTION
### AS AGAINST ALL DEFENDANTS
### (STRICT PRODUCTS LIABILITY — FAILURE TO WARN)

43.    Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

44.    Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warnings insufficient to alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, to the dangerous risks and reactions

11

associated with Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) when used for its intended or reasonably foreseeable purpose. Those dangerous risks and reactions included, but were not limited to, pulmonary embolism, deep venous thrombosis, heart attacks, strokes and/or death, gall bladder disease and other serious and life threatening side effects.

45.     At all times, Plaintiff used the drug for its intended or reasonably foreseeable purpose.

46.     Plaintiff could not have discovered any defect in the drug through the exercise of care.

47.     Defendants, as manufacturers of a prescription drug, are held to the level of knowledge of an expert in the field.

48.     The warnings that were given by Defendants were not accurate or clear and/or were ambiguous.

49.     Defendants had a continuing duty to warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, of the potential risks and serious side effects associated with the use of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol).

50.     As a direct, legal, proximate and producing result of Defendants' failure to warn, Plaintiff sustained injuries asset forth above.

51.     By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

## FOURTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS
## (BREACH OF EXPRESS WARRANTY)

52.     Plaintiff re-alleges each and every allegation of this Complaint in each of the

12

foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

53.     Defendants made express representations to the consuming public at large through their aggressive marketing and advertising campaigns relative to their product, Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol).

54.     Defendants through their detail sales representatives, made representations of the safety and efficacy of their product, Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol).

55.     Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) does not conform to the express representations made through Defendants' advertising and marketing efforts.

56.     Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) does not conform to the express representations made by Defendants' agents/sales representatives.

57.     Defendants' conduct in this matter was a contributing cause of injuries and damages suffered by Plaintiff.

58.     By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

### FIFTH CAUSE OF ACTION
### AS AGAINST ALL DEFENDANTS
### (BREACH OF IMPLIED WARRANTIES)

59.     Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

60.     At the time that Defendants designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed the drug Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol),

13

Defendants knew of the intended, reasonably foreseeable and/or ordinary use of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) and impliedly warranted the drug to be of merchantable quality and safe and fit for such use.

61.     Plaintiff, in ingesting Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol), reasonably relied upon the skill and judgment of Defendants as to whether Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was of merchantable quality and safe and fit for its intended, reasonably foreseeable and/or ordinary use.

62.     In breach of the implied warranty given by Defendants, Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was not of merchantable quality or safe or fit for its intended, reasonably foreseeable and/or ordinary use because the product was and is unmerchantable, in a defective condition and unreasonably dangerous and unfit for the intended, reasonably foreseeable and/or ordinary purpose for which it was intended as described above.

63.     In breach of the implied warranty given by Defendants, Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was not of merchantable quality or safe or fit for its intended, reasonably foreseeable and/or ordinary use because, among other things:

a.     Use of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) carried a risk of, among other things, pulmonary embolism, deep venous thrombosis, heart attacks, strokes and/or death, gall bladder disease and other serious and life threatening side effects;

b.     Defendants failed to include adequate warnings with the drug that would alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, of the potential risks and serious side effects of the drug;

14

c.      Defendants failed to provide adequate post-marketing warnings or instructions

after Defendants knew or should have known of the potential risks and serious

side effects associated with the use of the drug, and,

64.     As a direct, legal, proximate and producing result of Defendants' breach of

warranty, Plaintiff sustained injuries as set forth above.

65.     By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against

the Defendants in a sum in excess of $75,000.00.

## SIXTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS
## (FRAUDULENT MISREPRESENTATION)

66.     Plaintiff re-alleges each and every allegation of this Complaint in each of the

foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

67.     The Defendants falsely and fraudulently represented to the medical and healthcare

community, and to Plaintiff and/or the FDA, and/or the public in general, that Yasmin, YAZ

and/or Ocella (drospirenone and ethinyl estradiol) had been tested and was found to be safe

and/or effective for its indicated use.

68.     That representations made by Defendants were, in fact, false.

69.     When said representations were made by Defendants, they knew those

representations to be false and they willfully, wantonly and recklessly disregarded whether the

representations were true.

70.     These representations were made by said Defendants with the intent of defrauding

and deceiving the Plaintiff, the public in general, and the medical and healthcare community in

particular, and were made with the intent of inducing the public in general, and the medical and

healthcare community in particular, to recommend, dispense and/or purchase Yasmin, YAZ

15

and/or Ocella (drospirenone and ethinyl estradiol) for use as a contraceptive, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiff.

71.     At the time the aforesaid representations were made by the Defendants and, at the time Plaintiff used Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol), the Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

72.     In reliance upon said representations, Plaintiff was included to and did use Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol), thereby sustaining severe and permanent personal injuries, and/or being at an increased risk of sustaining severe and permanent personal injuries in the future.

73.     Defendants knew and were aware or should have been aware that Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

74.     Defendants knew or should have known that Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) had a potential to, could, and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous in a manner that exceeded any purported, inaccurate, and/or down-played warnings.

75.     Defendants brought Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) to the market, and acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff.

76.     By reason of the foregoing, Plaintiff experienced and/or is at risk of experiencing serious and dangerous side effects including but not limited to, pulmonary embolism, deep venous thrombosis, heart attacks, strokes, gall bladder disease, as well as other severe and

personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of developing any of the above named health consequences.

77.     As a result of the foregoing acts and omissions, Plaintiff requires and/or will require more healthcare and services and did incur medical, health, incidental and related expenses.  Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

78.     By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

**SEVENTH CAUSE OF ACTION**
**AS AGAINST ALL DEFENDANTS**
**(FRAUDULENT CONCEALMENT)**

79.     Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

80.     At all times during the course of dealing between Defendants and Plaintiff and/or Plaintiff's healthcare providers, and/or the FDA, Defendants misrepresented the safety of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) for its intended use.

81.     Defendants knew or were reckless in not knowing that its representations were false.

82.     In representations to Plaintiffs and/or Plaintiffs' healthcare providers and/or the FDA, Defendants fraudulently concealed and intentionally omitted the following material information:

   a.      That Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) is not as

17

safe as other available contraceptives;

b.  That the risks of adverse events with Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was higher than those with other available contraceptives;

c.  That the risks of adverse events with Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was not adequately tested and/or known by Defendants;

d.  Plaintiff was put at risk of experiencing serious and dangerous side effects including but not limited to, pulmonary embolism, deep venous thrombosis, heart attacks, strokes, gall bladder disease as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish;

e.  That patients needed to be monitored more regularly than normal while using Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol);

f.  That Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was manufactured, marketed, produced, and distributed negligently;

g.  That Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was manufactured, marketed, produced, and distributed defectively;

h.  That Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was manufactured, marketed, produced, and distributed improperly;

i.  That Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was designed negligently;

j.  That Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was designed defectively; and,

k.  That Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was designed improperly.

83.    Defendants were under a duty to disclose to Plaintiff and/or her physicians, hospitals, healthcare providers, and/or the FDA the defective nature of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol).

84.    Defendants had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects, and hence, cause damage to persons who used Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol), including the Plaintiff in particular.

85.    Defendants' concealment and omissions of material facts concerning, inter alia, the safety of use of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) was made purposefully, willfully, wantonly, and/or recklessly, to mislead.  Plaintiff and/or her physicians, hospitals and/or healthcare providers into reliance, continued use of Yasmin, YAZ and/or Ocella, and actions thereon, and to cause them to purchase, recommend, and/or dispense Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) and/or use the drug.

86.    Defendants knew that Plaintiff and/or her physicians, hospitals, healthcare providers, and/or the FDA had no way to determine the truth behind Defendants' concealment and omissions, and that these included material omissions of facts surrounding Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) as set forth herein.

87.    Plaintiff, as well as their doctors, healthcare providers, and/or hospitals reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by Defendants.

88.    By reason of the foregoing, Plaintiff experienced and/or is at risk of experiencing serious and dangerous side effects including but not limited to, bilateral pulmonary embolism, deep venous thrombosis, heart attacks, strokes, gall bladder disease as well as other severe and

personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment monitoring and/or medications, and fear of developing any of the above-named health consequences.

89.    As a result of the foregoing acts and omissions, Plaintiff requires and/or will require more healthcare and services and did incur medical, health, incidental and related expenses.

90.    By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

## EIGHTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS
## (NEGLIGENT MISREPRESENTATION)

91.    Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

92.    Defendants had a duty to represent to the medical and healthcare community, and to the Plaintiff, the FDA and/or the public in general that Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) had been tested and found to be safe and effective for its intended use.

93.    The representations made by Defendants were, in fact, false.

94.    Defendants failed to exercise ordinary care in the representation of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol), while involved in its manufacture, sale, testing, quality assurance, quality control, and/or distribution into interstate commerce, in that Defendants negligently misrepresented Yasmin, YAZ and/or Ocella's (drospirenone and ethinyl estradiol) high risk of unreasonable, dangerous side effects.

20

95.     Defendants breached their duty in representing Yasmin, YAZ and/or Ocella's (drospirenone and ethinyl estradiol) serious side effects to the medical and healthcare community, to the Plaintiff, the FDA and/or the public in general.

96.     By reason of the foregoing, Plaintiff experienced and/or is at risk of experiencing serious and dangerous side effects including but not limited to, pulmonary embolism, deep venous thrombosis, heart attacks, strokes, gall bladder disease as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for lifelong medical treatment, monitoring and/or medications, and fear of developing any of the above named health consequences.

97.     As a result of the foregoing acts and omissions, the Plaintiff requires and/or will require more healthcare and services and did incur medical, health, incidental and related expenses.  Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

98.     By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

### NINTH CAUSE OF ACTION
### AS AGAINST ALL DEFENDANTS
### (FRAUD AND DECEIT)

99.     Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

100.    Defendants recklessly, knowingly, intentionally, and fraudulently misrepresented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, the safety and efficacy of the drug and/or recklessly, knowingly,

intentionally and fraudulently concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, material, adverse information regarding the safety and efficacy of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol).

101.   Defendants' misrepresentations were communicated to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, with the intent that they reach users and/or consumers of the drug, including Plaintiff.

102.   Defendants either knew or should have known that the representations were false.

103.   Defendants made the misrepresentations and/or actively concealed information concerning the safety and efficacy of the drug with the intention and specific desire that the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiffs, would rely on such in selecting Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) as a contraceptive.

104.   Defendants made these misrepresentation's and/or actively concealed information concerning the safety and efficacy of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) in its labeling, advertising, product inserts, promotional materials or other marketing efforts.

105.   Defendants made these misrepresentations and actively concealed adverse information at a time when Defendants knew or should have known that its drug product had defects, dangers and characteristics that were other than what Defendants had represented to the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff.  Specifically, Defendants misrepresented to and/or actively concealed from the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the

drug, including Plaintiff, that:

      a.      There had been insufficient studies regarding the safety and efficacy of the drug;

      b.      The drug was fully and adequately tested, despite knowing that there had been insufficient or inadequate testing of the drug;

      c.      Prior studies, research, reports and/or testing had been conducted linking the use of the drug to serious prothrombotic reactions, including, but not limited to, adverse cardiovascular events such as pulmonary embolism, heart attacks, strokes and vascular events such as deep venous thrombosis and gall bladder disease;

      d.      Defendants knew or should have known of reports of increased prothrombotic events associated with the use of the drug; and,

      e.      Defendants knew or should have known of the greatly increased risk of developing pulmonary embolism, deep venous thrombosis, heart attacks and/or strokes, and gall bladder disease associated with use of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol); yet, despite this they were downplaying the risk of the drug.

106.     The misrepresentations of and/or active concealment by Defendants were perpetuated directly and/or indirectly by Defendants, its sales representatives, employees, distributors, agents and/or detail persons.

107.     The misrepresentations of and/or active concealment by Defendants constitute a continuing tort. Indeed, through Defendants' product inserts, Defendants continue to misrepresent the potential risks and serious side effects associated with the use of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol). Moreover, Defendants had a post-sale duty to warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of

23

the drug, including Plaintiff, about the potential risks and serious side effects associated with the use of Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) in a timely manner, yet they failed to provide such warning.

108.    Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment of Defendants to purchase and ingest Yasmin, YAZ and/or Ocella (drospirenone and ethinyl estradiol) to her detriment.

109.    As a direct, legal, proximate and producing result of the misrepresentations of Defendants, Plaintiff sustained injuries as set forth above.

110.    By reason of the foregoing, Plaintiff Jennifer Adams has been damaged as against the Defendants in a sum in excess of $75,000.00.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants on each of the above-referenced claims and Causes of Action and as follows:

1.    Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, healthcare costs, medical monitoring, together with interest and costs as provided by law;

2.    Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiff in an amount sufficient to punish Defendants and deter future similar conduct;

3.    Awarding Plaintiffs reasonable attorney's fees;

4.    Awarding Plaintiffs the costs of these proceedings; and,

5.      Such other and further relief as this Court deems just and proper.

Dated: _____2/17/10_____

Respectfully Submitted,

John B. Wagner (MN # 0387159)
Trent B. Miracle
David F. Miceli
John J. Foley
**SIMMONS, BROWDER, GIANARIS,**
**ANGELIDES, & BARNERD, LLC**
707 Berkshire Boulevard
East Alton, IL 62024
(618) 259-2222 (Tel.)
(618) 259-2251 (Fax)
jwagner@simmonsfirm.com


-and-

**HANLY CONROY BIERSTEIN SHERIDAN**
**FISHER & HAYES LLP**
Of Counsel
112 Madison Avenue
New York, NY 10017-1111
(212) 784-6400 (Tel.)
(212) 784-6420 (Fax)

**Attorneys for Plaintiffs**